OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Appellate Division erred in placing its decision on the shopping paper exemption of subdivision (i) of section 1115 of the Tax Law. The fact that by definition a shopping paper does not include a theatre program does not preclude exemption of Playbill under paragraph (5) of subdivision (a) of the section excluding “periodicals”, even though it does include such a program. However, the definition of “periodical” in the regulations applicable to the period in question required that Playbill be “of general availability to the public.”
Plaintiff concedes that during the period in question Playbill carried no notice of subscription availability and has presented no evidence of general availability other than that some back issues were sold and some paid and unpaid subscriptions were entered by persons or organizations which sought out the right to do so. Notwithstanding that some million copies per month were distributed without charge to persons attending the theatres with which Playbill had agreements granting it the exclusive right to furnish theatre programs, we agree with so much of the *796 Appellate Division memorandum as concluded that it was not “of general availability to the public” (cf. Matter of Business Statistics Organization v Joseph, 299 NY 443).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed, with costs, in a memorandum.